IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| YAIR GRANADOS JOAQUIN, JOSE HERIBERTO ESCOBEDO CAMARGO, and JANET HERRERA RUBIO, on Behalf of Themselves and Others Similarly Situated,<br>    *Plaintiffs*,<br><br>V.<br><br>ALFREDO HINOJOSA, THE COLISEUM INC dba EL COLISEO and THE COLISEUM OF AUSTIN, ARCABABA, INC. dba OK CORRAL-FORT WORTH, SPANGLER ENTERTAINMENT LLC dba OK CORRAL-DALLAS, MAC 23, INC, dba OK CORRAL-OKLAHOMA CITY, EL VOLCAN SOCIAL CLUB INC dba FAR WEST-DALLAS, RODEO 2000 SOCIAL CLUB, INC. dba FAR WEST-TYLER, and OLD TOWN RANCHERS, INC. dba MEDUSA<br>    *Defendants* | CIVIL ACTION NO. 1:15-CV-00787-LY |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs file this First Amended Complaint and show the following in support:

### INTRODUCTION

1. This is an action for unpaid minimum wages and misappropriated tips. Plaintiffs will request certification as a hybrid class and collective action on behalf of themselves and similarly situated employees of the Defendants. The collective ("opt-in") portion of this action is for minimum wage claims under the federal Fair Labor Standards Act. The class ("opt-out") portion of this action, under Federal Rule of Civil Procedure 23, is for conversion, breach of contract, and quasi-contract under Texas and Oklahoma common law, as well as for violation of the Texas Theft Liability Act.

## PARTIES

2. The Named Plaintiffs are individuals who reside in Travis County, Texas.

3. Defendant ALFREDO N. HINOJOSA is an individual residing in Texas who may be served at his residence at 18023 Rock Branch Dr., Dallas, TX 75287

4. Defendant THE COLISEUM INC dba El Coliseo and The Coliseum of Austin is a Texas corporation that maintains its principal place of business in Texas and may be served by serving its registered agent, Gabriela Rosales, at 5739 Emrose Terrace, Dallas, TX 75227.

5. Defendant ARCABABA, INC. dba OK Corral-Fort Worth is a Texas corporation that maintains its principal place of business in Texas and may be served by serving its registered agent, Alfredo N. Hinojosa, at 7331 Gaston Ave., Dallas, TX 75214.

6. Defendant SPANGLER ENTERTAINMENT LLC dba OK Corral-Dallas is a Texas limited liability company that maintains its principal place of business in Texas and may be served by serving its registered agent, Gabriela Rosales, at 10733 Spangler Dallas, TX 75220.

7. Defendant MAC 23, INC, dba OK Corral-Oklahoma City is an Oklahoma corporation that maintains its principal place of business in Oklahoma and may be served by serving its registered agent, Alfredo N. Hinojosa, at 2300 N Macarthur, Oklahoma City, OK 73127.

8. Defendant EL VOLCAN SOCIAL CLUB INC dba Far West-Dallas is a Texas corporation that maintains its principal place of business in Texas and may be served by serving its registered agent, Gabriela Rosales, at 5739 Emrose Terrace, Dallas, TX 75227.

9. Defendant RODEO 2000 SOCIAL CLUB, INC. dba Far West-Tyler is a Texas corporation that maintains its principal place of business in Texas and may be served by serving its registered agent, Gabriela Rosales, at 201 N. Harwood, Dallas, TX 75201.

10. Defendant OLD TOWN RANCHERS, INC. dba Medusa is a Texas corporation that

maintains its principal place of business in Texas and may be served by serving its registered agent, Alfredo N. Hinojosa, at 7331 Gaston Ave., Dallas, TX 75214.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the Plaintiffs' claims pursuant to 28 U.S.C. § 1331 (Federal Question), 29 U.S.C. § 216(b) (FLSA), and 28 U.S.C. § 1367 (Supplemental Jurisdiction). This Court has personal jurisdiction over the Defendants because each Defendant has sufficient contacts with this forum to give this Court general jurisdiction over each Defendant.

12. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in or near Austin, Texas.

## FACTUAL BACKGROUND

13. Defendants own and manage the following seven night clubs: 1) The Coliseum of Austin, aka El Coliseo, in Austin Texas; 2) OK Corral-Fort Worth, in Fort Worth, Texas; 3) OK Corral-Dallas, in Dallas, Texas; 4) OK Corral-Oklahoma City, in Oklahoma City, Oklahoma; 5) Far West-Dallas, in Dallas, Texas; 6) Far West-Tyler, in Tyler, Texas; and 7) Medusa, in Dallas Texas.

14. At all times relevant to this action, Defendants have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of the FLSA, and were obligated to pay its employees in accordance with the FLSA.

15. At all times relevant to this action, Defendants have had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and has had an annual gross volume of sales made or business done of not less than $500,000.

16. The Named Plaintiffs were employed as bartenders or barbacks at The Coliseum of Austin. The Coliseum is located at 9111 FM Road 812, Austin, Texas 78719.

17. Defendants employed bartenders and barbacks in addition to the Plaintiffs at the seven

night clubs listed above (the "Class Members").

18. At all times relevant to this action, Defendants have been employers of the Plaintiffs and Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all times relevant to this action, Defendants have jointly acted, directly or indirectly, in the interest of employers with respect to Plaintiffs and Class Members.

20. Defendants interchange and share the services of their many of their bartenders.

21. Defendant Hinojosa controls the operations of the corporate defendants.

22. Defendant Hinojosa determined the Plaintiffs' and Class Members rate and method of payment and controlled their working conditions.

23. Plaintiff Yair Granados Joaquin worked for Defendants from approximately April 2014 to March 2015.

24. Plaintiff Jose Heriberto Escobedo Camargo worked for Defendants from approximately July 2014 to late October 2014.

25. Plaintiff Janet Herrera Rubio worked for Defendants from approximately June 2014 to October 2014.

26. Defendants regularly failed to pay the Plaintiffs and Class Members the minimum wage of $7.25 per hour.

27. Defendants regularly failed to pay the Plaintiffs and Class Members for all of the hours they worked.

28. Defendants' patrons regularly paid tips to the Defendants' bartenders.

29. Defendants' patrons regularly paid some tips in cash and some tips by credit or debit card.

30. Defendants' bartenders and barbacks pooled their tips.

31. Defendants paid the Plaintiffs and Class Members hourly rates of less than $7.25 and

claimed a tip credit in order to comply with the minimum wage requirement.

32. Defendants regularly kept the tips that patrons paid to the Plaintiffs and Class Members by credit or debit card.

33. Defendants' misappropriation of the Plaintiffs' and Class Members credit and debit card tips was the result of a pattern or practice that the Defendants maintained knowingly, willfully, or with reckless disregard to the law.

## CAUSE OF ACTION: THE FAIR LABOR STANDARDS ACT

34. The Plaintiffs and Class Members are entitled to damages for Defendants' failure to pay the minimum wage under 29 U.S.C. § 216(b).

## CAUSES OF ACTION: COMMON LAW

35. The Plaintiffs and Class Members are entitled to damages for the Defendants' misappropriation of their tips under the common law of Texas and Oklahoma for conversion, breach of contract, quantum meruit, promissory estoppel, unjust enrichment, or money had and received.

## CAUSE OF ACTION: TEXAS THEFT LIABILITY ACT

36. The Plaintiffs and Class Members are entitled to actual and additional damages for the Defendants' misappropriation of their tips under the Texas Theft Liability Act, Tex. Civ. Prac. & Rem. Code §§ 134.001, et seq.

## EXEMPLARY DAMAGES

37. The Plaintiffs and Class Members are entitled to exemplary damages, which are not subject to a limitation on the amount because Defendants knowingly or intentionally committed conduct described as theft, the punishment level for which is a felony of the third degree or higher. Tex. Civ. Prac. & Rem. Code §§ 41.008(c)(13); Tex. Penal Code §§ 31.03(e)(5).

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiffs will request this Court's certification of the their minimum wage claims as a collective action under 29 U.S.C. § 216(b).

39. The Class Members performed the same or similar job duties to those of the Plaintiffs.

40. The Class Members were paid on substantially the same basis as the Plaintiffs.

41. The Class Members were not paid the minimum wage.

42. The Defendants' failure to pay the minimum wage to the Plaintiffs and the Class Members results from the same pattern or practice. Although damages may vary from between individual Plaintiffs and Class Members, the common nucleus of facts regarding liability remains.

## CLASS ALLEGATIONS

43. Plaintiffs will request certification of their common-law claims under Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and a class of similarly situated individuals defined as follows:

> **All current and former employees who worked as bartenders or barbacks in Defendants' night clubs from December 11, 2011 to the present.**

44. The members of the class are sufficiently numerous that joinder of all members is impracticable. The class exceeds 100 current and former employees.

45. The Plaintiffs' claims are typical of the Class Members' claims.

46. Plaintiffs will fairly and adequately represent the interests of the class.

47. There are questions of law and fact common to the class, central to the resolution of the case, and capable of class-wide resolution, including but not limited to the following:

   a. Whether Defendants' patrons regularly paid tips to the Defendants' bartenders.

   b. Whether Defendants' patrons regularly paid some tips in cash and some tips by credit or debit card.

c. Whether Defendants' bartenders and barbacks pooled their tips.

  d. Whether Defendants paid the Plaintiffs and Class Members hourly rates of less than $7.25 and claimed a tip credit in order to comply with the minimum wage requirement.

  e. Whether Defendants regularly kept the tips that patrons paid to the Plaintiffs and Class Members by credit or debit card.

  f. Whether Defendants' misappropriation of the Plaintiffs' and Class Members credit and debit card tips was the result of a pattern or practice that the Defendants maintained knowingly, willfully, or with reckless disregard to the law.

## CONDITIONS PRECEDENT

48. All conditions precedent to filing this lawsuit have been met.

## ATTORNEY'S FEES AND COSTS

49. Plaintiffs are entitled to recover their reasonable and necessary attorneys' fees and costs of court under 29 U.S.C. § 216(b), Chapter 38 of the Texas Civil Practice and Remedies Code, and 12 OK Stat § 12-936.

## JURY DEMAND

50. Plaintiffs request a trial by jury under Federal Rule of Civil Procedure 38.

## PRAYER

Plaintiffs pray that Defendant be cited to appear and answer, and that upon trial Plaintiffs be granted judgment against Defendants for:

(a) the amount of Plaintiffs' unpaid minimum wages;

(b) an equal amount in liquidated damages under the Fair Labor Standards Act;

(c) the amount of tips that Defendants misappropriated from Plaintiffs;

(d) additional damages for misappropriated tips under the Theft Liability Act;

(e) exemplary damages;

(f) pre- and post-judgment interest;

(g) costs of court, attorney fees and expenses, and;

(h) such other and further relief, at law or in equity, to which the Plaintiffs may justly be entitled.

Respectfully submitted,

By: _____

| | |
|---|---|
| Austin Kaplan | Aaron Johnson |
| State Bar No. 24072176 | State Bar No. 24056961 |
| akaplan@kaplanlawatx.com | ajohnson@equaljusticecenter.org |
| KAPLAN LAW FIRM, PLLC | Anna Bocchini |
| 98 San Jacinto Blvd. Suite 540 | State Bar No. 24057410 |
| Austin, TX 78701 | abocchini@equaljusticecenter.org |
| PH: (512) 553-9390 | EQUAL JUSTICE CENTER |
| FAX: (512) 692-2788 | 510 S. Congress Ave., Ste. 206 |
| | Austin, TX 78704 |
| | PH: (512) 474-0007, ext. 104 |
| | FAX: (512) 474-0008 |

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the document above was served on the following parties by email via the CM/ECF system on December 11, 2015:

John W. Bowdich
jbowditch@thewillislawgroup.com
Todd J. Liles
tliles@thewillislawgroup.com
THE WILLIS LAW GROUP
10440 N. Central Expressway, Suite 520
Dallas, TX 75231
ATTORNEYS FOR DEFENDANT

_____
Aaron Johnson
Attorney for Plaintiffs