IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YAIR GRANADOS JOAQUIN, et al, on Behalf of Themselves and Others Similarly Situated, <br>    *Plaintiffs,* <br><br> V. <br><br> THE COLISEUM INC dba EL COLISEO and THE COLISEUM OF AUSTIN, et al, <br>    *Defendants.* | § § § § § § § § § § § § § § | CIVIL ACTION NO. 1:15-CV-00787-LY |

**PLAINTIFFS' CORRECTED RESPONSE TO
DEFENDANT THE COLISEUM, INC.'S MOTION TO DISMISS**

TO THE HONORABLE COURT:

Before the Court is Plaintiffs' Response to Defendant The Coliseum, Inc.'s Motion to Dismiss and Motion for Leave to File Plaintiffs' Second Amended Complaint [Dkt. No. 25]. The Clerk of this Court issued a Deficiency Notice instructing Plaintiffs to file corrected pleadings, separating the Response from the Motion for Leave [Dkt. No. 26]. Plaintiffs file this Corrected Response to Defendant The Coliseum, Inc.'s Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b)(6) [Dkt. No. 23] ("Motion to Dismiss").

## I.    INTRODUCTION

In this action, Plaintiffs and the similarly-situated Class Members they represent seek redress for unpaid minimum wages and misappropriated tips related to their work in Texas and Oklahoma as bartenders and barbacks at seven night clubs commonly controlled by Defendants. Plaintiffs have moved for conditional certification of a collective action [Dkt No. 17] for their

federal minimum wage claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiffs further intend to seek class certification under Federal Rule of Civil Procedure 23 for their state law claims of conversion, breach of contract, quasi-contract, and violation of the Texas Theft Liability Act with respect to their misappropriated tips.

Although, on the whole, the Motion to Dismiss mislabels Plaintiffs' well-pleaded factual allegations as "bare conclusions" and distracts with analysis irrelevant to the Plaintiffs' pleadings, Plaintiffs are simultaneously filing a Corrected Motion for Leave to File Plaintiffs' Second Amended Complaint [Dkt No. 28], which responds to Defendant's concerns by whittling down the claims asserted[1] and providing additional factual enhancement out of an abundance of caution to further buttress the plausibility of their claims for relief.

In the hopes of avoiding a protracted 12(b)(6) battle in response to Plaintiffs' Second Amended Complaint, Plaintiffs also respond to the substance of the Motion to Dismiss, which misconstrues their burden for stating a plausible claim for relief under the causes of action alleged. Consequently, the Court should deny Defendant's Motion to Dismiss, grant Plaintiffs' motion for leave to amend, and allow the case to proceed through certification and discovery.

## II. ARGUMENT AND AUTHORITIES

**A. Rule 12(b)(6) motions are disfavored, and the Court is not asked to rule on the merits of Plaintiffs' claims.**

Rule 12(b)(6) motions are "viewed with disfavor and . . . rarely granted." *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000), internal citations omitted). "In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual

---

[1] Namely, by eliminating the six causes of action previously pleaded under Oklahoma common law as well as all state law claims against Alfredo Hinojosa individually. Dkt. No. 28-1.

allegations in the complaint as true." *Chhim v. Univ. of Tex. at Austin*, No. A-15-CV-919 LY, 2016 U.S. Dist. LEXIS 3319, at *5-6 (W.D. Tex. Jan. 11, 2016) (citing to *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)). "[D]etailed factual allegations are not required." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted). Plaintiffs are not required to plead particularized facts in support of each element of their prima facie case; as *Twombly* clarified, "the complaint warranted dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible." *Id*. at 569 n.14; *see also Gulf Coast Hotel-Motel Ass'n v. Mississippi Gulf* , 658 F.3d 500, 506 (5th Cir. 2011) (finding that, while certain allegations standing alone fell short, the complaint "read as a whole" satisfied the standards enunciated in *Twombly* and *Iqbal*).

**B.  Plaintiffs' Complaint plausibly states a claim for relief due for violations of the minimum wage requirements of the Fair Labor Standards Act.**

**1.  Plaintiffs have sufficiently pleaded that they were entitled to the FLSA's protections pursuant to enterprise coverage.**

Employees access the FLSA's protections either via "individual coverage," applicable to employees whose own work has a direct nexus to interstate commerce, or "enterprise coverage," available to workers "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. 206(a) "*Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992) (emphasis original). The Act defines "enterprise" as "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose. . . whether performed in one or more establishments or by one or more corporate or other organizational units. . ." 29 U.S.C. § 203(r). Further, the statute defines "[e]nterprise engaged in commerce or in the production of goods for commerce" as an enterprise that (1) has an "annual gross volume of sales made or business done [of] not less than $500,000" and (2) *either* has employees themselves

engaged in commerce or in the production of goods for commerce, "*or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.*" 29 U.S.C. 203(s)(1)(A) (italics added).

Plaintiffs do not allege that they were individually covered by the FLSA, nor do they contend that they can establish enterprise coverage because Defendants had other employees who were themselves engaged in commerce or in the production of goods for commerce. Defendant superfluously devotes several paragraphs of its Motion to Dismiss to arguing that Plaintiffs negate a showing of coverage on these bases [Dkt. No. 23 at ¶¶ 16-19, 22].[2]

Defendant's focus on analysis of bases of coverage not pleaded by Plaintiffs obfuscates what they are required to show to plausibly allege enterprise coverage on the basis of the alternative "handling" prong.[3] "The inclusion of the [handling clause] was 'designed to regulate enterprises dealing in articles acquired intrastate after travel in interstate commerce.'" *Flores v. Act Event Servs., Inc.*, 55 F. Supp. 3d 928, 935-36 (N.D. Tex. 2014) (citing to Labor and Employment Law, Ch. 177, § 177.04 (*citing Schultz v. Kip's Big Boy, Inc*., 431 F.2d 530 (5th Cir. 1970)). "[T]he words "or materials" leads to the result that virtually every enterprise in the nation doing the requisite dollar volume of business is covered by the FLSA." *Dole v. Bishop*, 740 F. Supp. 1221, 1226 (S.D. Miss. 1990) (citing *Dunlop v. Industrial American Corp*., 516 F.2d 498, 501-02 (5th Cir. 1975)).

Plaintiffs' Complaint makes ample specific factual allegations relevant to the issue of FLSA coverage. First, Plaintiffs' Complaint alleges that Plaintiffs and Class Members worked as

---

[2] Plaintiffs expressly allege that they are protected by the FLSA by virtue of their employment within an enterprise with "two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." [Dkt. No. 22 at ¶ 15; Dkt. No. 28-1 at ¶ 15].

[3] *See, e.g.* Defendant's misguided assertion that, "[Plaintiffs'] meager factual allegations that they were bartenders and barbacks actually negates coverage under the FLSA, because service of beverages, even when processing credit card transactions, falls within the 'ultimate consumer' exception to producing goods for commerce." Dkt. No. 23 at ¶ 46.

bartenders and barbacks (Dkt. No. 28-1 at ¶¶ 18-19) at seven night clubs commonly controlled by Defendants. *Id*. at ¶¶ 13, 18-19, 22, 25. Plaintiffs' Complaint states that the seven night clubs operated by the Defendants constitute a single enterprise under the Act (Dkt. No. 28-1 at ¶¶ 18-19) and buttresses this assertion with abundant factual elaboration on the night clubs' related activities for a common business purpose (*See, e.g. Id.* at ¶¶16-17) and Defendants' common control of said establishments. *See, e.g. Id.* at ¶¶ 22, 24-25.The Plaintiffs' allegation that the Defendants have had annual gross revenues of in excess of $500,000 throughout the relevant period of this litigation (*Id.* at ¶ 15) is a deduction of fact and not a conclusory allegation. Furthermore, common sense dictates that an enterprise comprised of seven nightclubs (*Id.* at ¶¶ 13-14), each of which sells tickets for weekly live concerts of popular recording artists (*Id.* at ¶ 16) and each of which is large enough to include multiple bars from which patrons purchase alcoholic beverages (*Id.*), necessarily has amalgamated annual gross sales exceeding the $500,000.00 threshold.[4]

Lastly, Plaintiffs readily establish plausible coverage under the handling clause by pleading, "At all times relevant to this action, each of Defendants' night clubs has had two or more employees, including the Named Plaintiffs, handling goods or materials that have been moved in or produced for commerce by any person, such as cleaning supplies and alcohol products." Dkt. No. 28-1 at ¶15. *See, e.g. Landeros v. Fu King, Inc.*, 12 F. Supp. 3d 1020, 1023-25 (S.D. Tex. 2014)("Plaintiffs' allegation that [they handled] materials [that] had previously been moved in or produced for commerce suffices at this stage of the litigation to complete the statutory fit and plausibly bring Defendants within FLSA coverage under the handling clause. . .")

---

[4] *See, e.g. Flores v. Act Event Servs., Inc*., 55 F. Supp. 3d 928, 937-38 (N.D. Tex. 2014)( plaintiff only stated "[Defendants] have had an annual gross volume of business done of not less than $500,000" and court could draw on judicial experience and common sense with respect to dollar volume due to context regarding the nature of the business).

Plaintiffs offer substantially more factual context in support of enterprise coverage than every single case cited by Defendants in support of their argument on this issue.[5] Moreover, Plaintiffs provide greater factual enhancement than enterprise allegations surviving dismissal in numerous courts.[6]

**2. Plaintiffs have alleged a facially plausible minimum wage claim under the FLSA.**

Defendant contends that Plaintiffs' factual allegations with respect to minimum wage violations "do not necessarily equate to a violation of the FLSA" and provide insufficient material from which the court could "infer that the Plaintiffs have a plausible, rather than a merely possible, claim." Dkt. No. 23 at ¶ 26. To the contrary, the core of Plaintiffs' minimum wage claim is that

---

[5] *See Traylor v. Dall. Area Habitat for Humanity, Inc.*, No. 3:13-CV-4029-B, 2014 U.S. Dist. LEXIS 98827, at *12 (N.D. Tex. July 21, 2014) ((plaintiff only pleaded conclusorily that "Defendant was engaged in interstate commerce;" plaintiff failed to contend that any of defendant's employees handled sold or worked on goods or materials that had moved in or been produced for commerce, nor that his employer had not less than $500,000 in gross revenues); *Kidwell v. Dig. Intelligence Sys., LLC*, No. 3:13-CV-4064-B, 2014 U.S. Dist. LEXIS 132992, at *17 (N.D. Tex. Sep. 22, 2014)(same); *Morrow v. J W Elec., Inc.*, Civil Action No. 3:11-CV-1988-D, 2011 U.S. Dist. LEXIS 132199, at *8 (N.D. Tex. Nov. 16, 2011) (plaintiff did not plead that he, or others of Defendants' employees, handled goods that traveled in interstate commerce); *Foreman v. FoodTronix, LLC*, No. 3:14-CV-0656-BF, 2014 U.S. Dist. LEXIS 67835, at *5 (N.D. Tex. May 16, 2014) (Plaintiff pleaded merely that "[Defendant] was an enterprise engaged in interstate commerce or, in the alternative, owned and operated a business engaged in commerce or in the production of goods for commerce," and (2) he was 'individually engaged in commerce or in the production of goods for commerce and his work was directly and vitally related to the functioning of Defendants' business.'"); (with respect to enterprise coverage, *Coleman v. John Moore Servs.*, No. H-13-2090, 2014 U.S. Dist. LEXIS 1501, at *12 (S.D. Tex. Jan. 7, 2014) (plaintiff pleaded only, "[a]t all times pertinent to this complaint, [Defendant] was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)."); *Baker v. ABC Provider DFW, LLC*, No. 4:13-CV-288, 2014 U.S. Dist. LEXIS 40561, at *2 (E.D. Tex. Mar. 26, 2014) (same).

[6] *See, e.g. Perez v. T.A.S.T.E. Food Prods., Inc.*, No. 5:13-CV-655-DAE, 2014 U.S. Dist. LEXIS 12607, at *6 (W.D. Tex. Feb. 3, 2014) (finding plaintiffs had sufficiently pleaded a prima facie cause of action under the FLSA where there facts related to coverage included that "they were employed by Defendant Taste and that Taste, a company that provides catering services to various entities, is an enterprise engaged in interstate commerce and/or the production of goods for commerce."); *Flores v. Act Event Servs.,* Inc., 55 F. Supp. 3d 928, 937-38 (N.D. Tex. 2014) (finding court could reasonably infer coverage based on the nature of the business where Plaintiffs' enterprise coverage allegations stated, "[p]laintiffs allege that "Defendants have been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1) and have employed employees that are engaged in commerce, handling goods that had been moved in or produced for commerce, and have had an annual gross volume of business done of not less than $500,000."); *Jackson v. Computer Confidence, Inc.*, 2010 WL 681228 (W.D.N.Y. Feb. 23, 2010) (allegations of coverage "based on information and belief that defendant has annual gross sales of not less than $500,000 and that plaintiffs are individually covered because of their 'regular use of the instrumentalities of commerce'" were sufficient).

Defendants failed to satisfy the requirements necessary to claim a tip credit, and thus they were not lawfully permitted to pay Plaintiffs less than the minimum wage as they regularly did throughout the relevant time period. Despite properly identifying such operative facts in Plaintiffs' Complaint (and summarily casting them aside as "paltry assertions" [Dkt. No. 23 at ¶ 47]), Defendant seizes on the allegation that, "Defendants regularly failed to pay the Plaintiffs and Class Members for all the hours they worked" [*Id.* at ¶ 24] and wanders off on a confused tangent wholly irrelevant to the facts at issue. *Id.* at ¶¶ 27.

Defendant cites to case law indicating that the mere allegation of unpaid hours does not alone establish a minimum wage violation, because, if an employer is compensating an employee at a rate exceeding the minimum wage, it is possible that, when wages earned are divided by hours actually worked, the resulting hourly rate will still be higher than the minimum wage. *Id*.

However, Plaintiffs' factual allegations clearly obviate the theoretical possibility Defendant attempts to leave unresolved. Plaintiffs allege that, "In every workweek subject to this litigation, Defendants paid the Plaintiffs and Class Members hourly rates of less than $7.25 and claimed a tip credit in order to comply with the minimum wage requirement" (Dkt. No. 28-1 at ¶ 35) and, further, that "Defendants, acting through their agents or employees, regularly kept the tips that patrons paid to the Plaintiffs and Class Members by credit or debit card." *Id*. at ¶ 36.

Under the FLSA, employers must pay employees, out of their own pockets, a minimum wage of $7.25 per hour. 29 U.S.C. § 206(a)(1). A limited exception allows employers to pay sub-minimum wages to tipped employees as long as the employees' tips make up the difference between the employer's contribution and the general minimum wage. 29 U.S.C. § 203(m). This employer discount, known in wage/hour parlance as the "tip credit," can unequivocally only be claimed if "all tips received by [a tipped] employee have been retained by the employee." *Montano*

*v. Montrose Rest. Assocs.*, 800 F.3d 186, 188-89 (5th Cir. 2015), quoting 29 U.S.C. § 203(m). If this requirement is unsatisfied, the employee is owed "the full statutory minimum wage." *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 721-22 (W.D. Tex. 2010).

Section 203(m) is violated "(and therefore [the] federal minimum wage laws) even where the employees were, in fact, paid the minimum wage once their tips were taken into account." *Whitehead v. Hidden Tavern, Inc.*, 765 F. Supp. 2d 878, 882-883 (W.D. Tex. 2011) (citing to *Bernal v. Vankar Enters.*, 579 F. Supp. 2d 804, 807-08 (W.D. Tex. 2008) and holding that defendants' claim that, "regardless of Defendants' entitlement to take tip credits, a genuine issue of material fact exists as to whether the sum of each Plaintiff's tips and direct wages equaled or exceeded the applicable minimum wage. . . is a misreading of the FLSA's tip credit provision section.")

Plaintiffs' allegations that they were entitled to and did not receive the mandated hourly minimum wage for all hours worked are thus more than plausible. To the extent Defendant seeks more specificity, it again mislabels facts as legal conclusions and attempts to impose a higher burden on Plaintiffs than necessary to plausibly state a claim for relief under the FLSA. Plaintiffs are simply not required to set out detailed factual context, exact numbers, or workweek-by-workweek data in order to plausibly plead an FLSA violation.[7]

---

[7] *See, e.g. Traub v. ECS Telecom Services, LLC*, 2011 WL 5555628 (W.D. Tex. Nov. 15, 2011) (alleging plaintiffs worked more than 40 hours per week was sufficient in FLSA overtime pleading); *Solis v. Time Warner Cable*, 2010 WL 2756800, (W.D. Tex. Jul. 13, 2010) ("The Plaintiff's assertions that he worked over 40 hours in a work week and was not paid overtime or minimum wage are not legal conclusions, but rather factual allegations that if proven give rise to a plausible claim for relief"); *Satterwhite v. Tex. Custom Pools, Inc.*, No. 4:13-cv-429, 2013 U.S. Dist. LEXIS 149837, at *5-6 (E.D. Tex. Oct. 18, 2013) (plaintiff's claims that "[d]uring one or more weeks of Plaintiff's employment with Defendants, Defendants intentionally failed to pay Plaintiff the federally mandated minimum wage for each hour worked during the workweek" were statements of fact, not legal conclusions, and were sufficient to survive dismissal); *Sandles v. Wright*, No. 1:12-CV-309, 2013 U.S. Dist. LEXIS 143385, at *30-31 (E.D. Tex. Oct. 3, 2013) (allegations that plaintiff was employed by defendant, that she worked more than 40 hours in a week, and that she was not paid minimum wage or overtime in violation of the FLSA, while not detailed, were adequate to withstand dismissal); *Holland v. Wright*, No. 1:13-CV-16, 2013 U.S. Dist. LEXIS 134232, at *5-8 (E.D. Tex. Aug. 28, 2013) ("The Plaintiff's assertions that he worked over 40 hours in a work week and was not paid overtime or minimum wage are not legal conclusions, but rather factual allegations that if proven give rise to a plausible claim

## C. Plaintiffs' Complaint sufficiently pleads liability for their state law claims.

Defendant contends that Plaintiffs' state law claims should be dismissed because they "are so vague that they do not state whether they seek to hold The Coliseum directly liable for each claim" and because "none of [Plaintiffs] allegations are specific to any Defendant." Dkt. No. 23 at ¶ 29. Those contentions should be rejected because Defendants provide no support for them, and Plaintiffs' pleadings are sufficient to state claims. Furthermore, Plaintiffs have amended their Complaint to allege facts sufficient to show vicarious liability for the acts giving rise to these claims. Dkt. No. 28-1 at ¶ 36. *See, e.g. Bolyard v. Wallenpaupack Lake Estates, Inc.*, CIV.A.3:10-CV-87, 2010 WL 1978802, at *3 (M.D. Pa. May 14, 2010) (holding that a plaintiff need not specifically name which of a defendant's employees or agents acted culpably and noting that a theory of vicarious liability was sufficiently pleaded "where the Plaintiff only alleged that employees of the defendant corporation acted negligently." (citing *Sabric v. Lockheed Martin,* No. 3:09–CV–2237, 2010 WL 02237, at *5 (M.D.Pa. Feb.12, 2010)).

Plaintiffs plead the following state law claims against The Coliseum, Inc.: common law claims for conversion, breach of contract, *quantum meruit*, promissory estoppel, unjust enrichment, and money had and received, as well as a statutory claim for violation of the Texas Theft Liability Act. Plaintiff alleged each of those causes of action against each of the corporate Defendants in this case, including The Coliseum, Inc. Dkt. No. 28-1 at ¶¶ 35-37, 39-56.

With respect to the Texas Theft Liability Act ("TLA"), Plaintiffs also plead a valid cause of action against The Coliseum, Inc. Defendant has offered no support to suggest corporate entities cannot also be sued for a violation of the TLA. *See MI LLC v. Stelly*, 733 F. Supp. 2d 759, 777-

---

for relief."); *Hoffman v. Cemex, Inc.*, 2009 WL 4825224 (S.D. Tex. Dec. 8, 2009) (alleging that plaintiff worked in excess of 40 hours in a week is a factual allegation, not a conclusory statement).

*Plaintiffs' Corrected Response to*
*The Coliseum, Inc.'s Motion to Dismiss*　　　　　　　　　　　　　　　　　　　　　　　　Page **9** of **11**

778 (S.D. Tex. 2010) (denying motion to dismiss a TLA claim against defendant LLC); *EnviroGLAS Products, Inc. v. Enviroglass Products*, 705 F. Supp. 2d 560, 570-71 (N.D. Tex. 2010) (same). Additionally, Plaintiffs pleaded enough facts, taken as true, to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the TLA claim. *See Twombly*, 127 S. Ct. at 1967. Plaintiffs alleged that Defendants regularly kept Plaintiffs' credit or debit card tips (Dkt. No. 28-1 at ¶ 36), and did so knowingly, willfully, or with reckless disregard of the law. *Id.* at ¶ 37.

Defendants' also contend that "Plaintiffs offer no well-pleaded facts allowing the inference of a claim" for the state law claims. Plaintiffs' allegations are sufficient to plausibly establish each claim – because each claim is satisfied with Plaintiffs' allegation that Defendants regularly kept Plaintiffs' tips, which were Plaintiffs' property. *Id.* at ¶¶ 32-37. Nonetheless, out of an abundance of caution, Plaintiffs' Second Amended Complaint includes further allegations specific to each state claim. *Id.* at ¶¶ 39-56.

### D.     **Plaintiffs must be permitted to cure any alleged defect in their pleading.**

If the Court is inclined to grant Defendant's Motion to Dismiss, Plaintiffs should be given the opportunity to amend their Complaint to remedy any deficiencies the Court notes. This is the preferred practice in the Fifth Circuit. "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.,* 199 F.3d 239, 247 n. 6 (5th Cir. 2000) (*citing O'Brien v. Nat'l Prop. Analysts Partners,* 936 F.2d 674, 675-76 (2d Cir. 1991)).

### III.     CONCLUSION

Plaintiffs' Second Amended Complaint easily includes sufficient well-pleaded factual allegations to plausibly state a claim for relief for each cause of action raised against The Coliseum, Inc. Accordingly, the Court should grant Plaintiffs' motion for leave to amend in order to file their Second Amended Complaint and deny Defendant's Motion to Dismiss with prejudice to refiling.

Respectfully submitted,

By: /s/ Aaron Johnson

| | |
|---|---|
| Austin Kaplan | Aaron Johnson |
| State Bar No. 24072176 | State Bar No. 24056961 |
| akaplan@kaplanlawatx.com | ajohnson@equaljusticecenter.org |
| KAPLAN LAW FIRM, PLLC | Anna Bocchini |
| 98 San Jacinto Blvd. Suite 540 | State Bar No. 24057410 |
| Austin, TX 78701 | abocchini@equaljusticecenter.org |
| PH: (512) 553-9390 | EQUAL JUSTICE CENTER |
| FAX: (512) 692-2788 | 510 S. Congress Ave., Ste. 206 |
| | Austin, TX 78704 |
| | PH: (512) 474-0007, ext. 104 |
| | FAX: (512) 474-0008 |

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the document above was served on the following parties by email via the CM/ECF system on January 29, 2015:

John W. Bowdich
jbowditch@thewillislawgroup.com
Todd J. Liles
tliles@thewillislawgroup.com
THE WILLIS LAW GROUP
10440 N. Central Expressway, Suite 520
Dallas, TX 75231
ATTORNEYS FOR DEFENDANT

/s/ Aaron Johnson
Aaron Johnson
Attorney for Plaintiffs