IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YAIR GRANADOS JOAQUIN, et al, on Behalf of Themselves and Others Similarly Situated,<br>    *Plaintiffs*,<br><br>V.<br><br>THE COLISEUM INC dba EL COLISEO and THE COLISEUM OF AUSTIN, et al,<br>    *Defendants*. | § § § § § § § § § § § § | CIVIL ACTION NO. 1:15-CV-00787-LY |

### PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION AND NOTICE TO CLASS

Plaintiffs file this reply to Defendants' Response to Plaintiffs' Motion for Conditional Certification of Collective Action and Notice to Class [Dkt. No. 30] ("Response").

### I. INTRODUCTION

Defendants Response ignores the well-established lenient standard for the notice stage and instead requests this Court to make premature credibility determinations in their favor. Defendants further ask the Court to nitpick and rewrite Plaintiffs' proposed notice form.

### II. ARGUMENTS AND AUTHORITIES

**A. The Plaintiffs have stated valid FLSA claims.**

Defendants directed the Court to their various 12(b)(6) motions attacking the sufficiency of Plaintiffs' pleading of the underlying FLSA claims [Dkt. Nos. 23, 24, and 29]. Response at ¶2. Plaintiffs likewise incorporate by reference herein their responses to Defendants' motions to dismiss,[1] including their pending Motion for Leave to File Plaintiffs' Second Amended Complaint [Dkt. Nos. 27, 28, and 32], which together establish that Plaintiffs have plausibly

---
[1] Plaintiffs have not yet filed a response to Defendant MAC 23's 12(b)(6) motion, which was field on January 29, 2016. Dkt. No. 29.

pleaded their minimum wage claims.

**B.  Plaintiffs have met their burden of "substantial allegations" under the lenient standard applicable at the notice stage.**

Defendants cite *Hickson v. United States Postal Serv.*, No. 5:09CV83, 2010 U.S. Dist. LEXIS 104112, at *26 (E.D. Tex. July 22, 2010), for the proposition that "[e]mployees must produce evidence establishing, not just allege, a colorable basis for their claim that the putative class members were together the victims of a 'single decision, policy, or plan.'" Response at ¶ 8. The *Hickson* court's idiosyncratic use of "establish" versus "allege" should not be confused to heighten the Plaintiffs' burden. It is well established in the Fifth Circuit and around the country that only substantial allegations are required and the standard is lenient.[2]

Indeed, as other courts have put it, "Plaintiffs need not show that members of the conditionally certified class are actually similarly situated." *Simmons v. Enterprise Holdings, Inc.*, 2011 WL 855669 (E.D. Mo. Mar. 9, 2011) (citations omitted) (emphasis added). That determination is made during the second step of the process, after the close of discovery. *Id*. Accordingly, "variations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at [the notice] stage." *Scott v. Heartland Home Finance, Inc.*, 2006 WL 1209813 (N.D. Ga. May 03, 2006).

    1.    <u>Violating a class of employees' wage rights in multiple ways does not undermine a motion for conditional certification, but strengthens it.</u>

Defendants argue without citing to any authority that conditional certification should be denied if a putative class's rights were violated in multiple ways. Response at ¶¶ 9, 10, 29. They further contend that the practices alleged by Plaintiffs could lead to excessive individualized analysis and yield an unwieldly number of possible combinations of violations that potential Class Members may or may not have personally experienced. *Id.* at ¶¶ 11-15. However, as

---

[2] *See* Plaintiffs Motion at 5, n.1 (citing numerous cases establishing the "substantial allegations" requirement).

outlined above, such considerations are only evaluated on a motion to decertify after the class has been defined and discovery is complete. *See also, e.g., Gandhi v. Dell Inc.*, A-08-CA-248 JRN, 2009 WL 1940144, at *6 (W.D. Tex. July 2, 2009) (holding differences among the Plaintiffs (including differences in job duties, in their individual timekeeping practices, and in their understandings of how they were paid) went to the merits of Plaintiffs' claims, and merits-based arguments are inappropriate at the notice stage); *See Proctor v. Allsups Convenience Stores, Inc.,* 250 F.R.D. 278, 280 (N.D. Tex. 2008) (discussing how courts consider the disparate factual and employment settings of the individual plaintiffs at the second stage).

Courts have indeed found conditional certification appropriate on the basis of the same types of multiple practices bemoaned by Defendants here—including where not all such practices were common to each plaintiff. *See, e.g. Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007) (out of nine declarations, eight alleged variations between their time clocked and their actual time paid; one alleged "time shaving;" four alleged that they were not compensated fully for their overtime work; five alleged unpaid training time; three alleged that management retained a portion of tips; and two alleged that they were not allowed to clock in for certain types of work); *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 538 (S.D. Tex. 2008) (multiple disparate practices that formed the basis of off-the-clock work that did not apply uniformly to each plaintiff, including implied or explicit directives by managers to work off-the-clock, that hours worked at specific events (catering and charity) were not counted, or that hours were shaved from their paychecks when they did report all overtime hours).

2. <u>Courts approve enterprise-wide notice upon substantial allegations of an enterprise-wide policy or practice.</u>

Where plaintiffs "adequately allege" that the improper practices and "policies are company-wide, notice may be sent company-wide." *White v. MPW Industrial Services, Inc.*, 236

F.R.D. 363, 375 (E.D. Tenn. 2006) (rejecting defendant's argument that "notice should be sent only to present and former employees at MPW's branch locations in Chattanooga, Tennessee and Decatur, Alabama, because Plaintiff's proof relates only to those particular branches.").[3]

As Western District Judge Rodriguez has explained, Plaintiffs need not prove the extent of the practice's implementation to warrant notice to everyone affected by the practice:

> Defendants . . . argue that Plaintiff has no personal knowledge about whether the challenged policy was applied consistently to all members of the class and, therefore, class certification should be denied. This argument fails to recognize that the decision to conditionally certify a class at the notice stage is lenient. Little or no discovery has been completed at the notice stage. Thus, the decision to certify is based only on the pleadings and affidavits submitted. Plaintiff alleges that Defendants implemented a single policy which was applied to all bartenders and which violated the FLSA.

*Bernal v. Vankar Enters.*, Civil Action No. SA-07-CA-695-XR, 2008 U.S. Dist. LEXIS 22814, at *11 (W.D. Tex. Mar. 24, 2008); *see also Vargas v. Richardson Trident Co.*, CIV.A. H-09-1674, 2010 WL 730155, at *8-9 (S.D. Tex. Feb. 22, 2010) ("Geographic commonality is not necessary"); *Sedtal v. Genuine Parts Co., Civ. A*. No. 1:08–CV–413–TH, 2009 WL 2216593, *5 (E.D.Tex. July 23, 2009) ("imposing geographic restrictions on discovery would be somewhat arbitrary and could obscure relevant information")).

Defendants rely on *Hickson v. United States Postal Serv.*, No. 5:09CV83, 2010 U.S. Dist. LEXIS 104112 (E.D. Tex. July 22, 2010). However, *Hickson* is readily distinguishable from this action. The *Hickson* plaintiffs sought conditional certification of a class of approximately 20,000 postal workers dispersed throughout five states—hundreds of times more extensive and diffuse than the present proposed class. *Id*. at *15-17. The *Hickson* plaintiffs alleged multiple practices

---

[3] *See also, e.g. Burch v. Qwest Comm. Int'l, Inc.*, 500 F. Supp. 2d 1181 (D. Minn. 2007) (conditionally certifying a companywide collective action of call center agents based on 19 declarations from a potential class of 8,000 covering 13 states); *Sherrill v. Sutherland Global Services, Inc.*, 487 F. Supp. 2d 344 (W.D.N.Y. 2007) (conditionally certifying a companywide collective action covering three states on the basis of 8 declarations); *Hens v. ClientLogic Operating Corp.*, No. 05-CV-381S, 2006 WL 2795620 (W.D.N.Y. Sept. 26, 2006) (court granted companywide conditional certification to a potential class of more than 7,000 individuals in 17 call centers based on 48 declarations).

through "and/or" variations, most of which, even if true, *would not in fact amount to FLSA violations*. *Id.* at *32-35. And most significantly, the *Hickson* plaintiffs failed to present any evidence of common policies or practices; they relied on the mere assertion that they "believed" a class-wide policy existed. *Id*. at *42. The remaining cases cited by Defendants are similarly inapposite because in each case the plaintiffs, like the *Hickson* litigants, could not create an inference that a class-wide policy applied to the violations alleged.[4]

   3. <u>Defendants gloss over and mischaracterize Plaintiffs' allegations of a common policy and practice applicable enterprise-wide to both barbacks and bartenders.</u>

In contrast to *Hickson*, Plaintiffs' allege that Defendants failed to pay the minimum wage to their tipped bartenders and barbacks in seven clubs within a limited, proximate geographic range. Plaintiffs allege that none of Defendants' night clubs were managed in isolation; they were tightly integrated under Alfredo Hinojosa's operational control and ownership, sharing managers, employees, and overlapping corporate officers and directors.[5] Most importantly, Plaintiffs have alleged facts supporting the inference that these pay practices were enterprise-wide and carried out based on directives from individual Defendant Alfredo Hinojosa.

With respect to the claim for uncompensated time, Herrera states, "the management

---

[4] *See Thompson v. Speedway SuperAmerica, LLC*, 2008 U.S. Dist. LEXIS at *15-16 (D. Minn. August 21, 2008) (only 8 plaintiffs submitted declarations regarding off-the-clock work they sought to certify with respect to a class of 7,800 workers, and, more importantly, Defendants submitted evidence of an affirmative policy against the type of off-the-clock work alleged, and the plaintiffs had no facts to create an inference that their personal experiences were not the result of rogue managers rather than a company-wide practice); *West v. Border Foods, Inc., No. 05-2525 (DWF/RLE)*, 2006 U.S. Dist. LEXIS 96963, at *20 (D. Minn. June 12, 2006)(same- defendants presented evidence refuting plaintiffs' assertion that a centralized policy required shift managers to work off the clock, and plaintiffs had no facts to show their own violations weren't caused by rogue managers); *Harrison v. McDonald's Corp.*, 411 F.Supp.2d 872, 870-872 (S.D. Ohio 2005) (plaintiffs failed to show that the common practice that they alleged (managers altering clock-in records after the fact) constituted an FLSA violation, because there could be genuine bases to do so (for example that an employee forgot to clock out and plaintiffs failed to establish that the changes resulted in unpaid time in violation of the Act with respect to the proposed class); *Flores v. Lifeway Foods, Inc.*, 289 F. Supp. 2d 1042, 1046 (N.D. Ill. 2003)(allegations of two workers out of 50 that their own overtime rights were violated, without more, did not provide basis for inference of a class-wide policy).

[5] Plaintiffs refer the Court to their Response to Defendants' most recent motion to dismiss [Dkt No. 32] which discusses these allegations in detail in the context of establishing Defendants' liability as joint employers.

regularly failed to record all of our hours worked. . . . When we complained to [local manager] Beto about this, Beto stated that we would have to talk to Alfredo [Hinojosa] because it was Alfredo's decision." Dkt. No. 17-2 at ¶ 8. Granados further testifies, "the management regularly failed to record all of our hours worked. . . . When we complained about this, Beto stated that this was per Alfredo's instructions because he was paying us too much." Dkt. No. 17-1 at ¶ 11. Plaintiffs allegations do not indicate renegade local management, but rather a decision by Alfredo Hinojosa to cut labor costs across the night clubs he jointly operates.

With respect to the tips, Granados testified that he worked alongside "long-time bartenders for Defendants" who represented to him that they were "sent to help as needed at various nightclubs operated by Alfredo." Dkt. No. 17-1 at ¶ 7. Granados declared that, when working at The Coliseum with Erica and Luis one night, both of whom were working regularly at OK-Corral Fort Worth when he did his training there, he complained to them about the fact that "the managers would regularly keep some of our and the bar back's credit card tips. Eric and Luis stated that they also knew this to be a regular occurrence at the other nightclubs operated by Alfredo [Hinojosa]." Dkt. No. 17-1 at ¶ 15.

Defendants attempt to muddle Plaintiffs' testimony that the practice applied commonly to bartenders and barbacks by misconstruing the allegation that "Defendants regularly retained *some* of the bartenders' credit and debit card tips" (emphasis added by Defendants) to "suggest . . . not all bartenders were subject to" the practice. The word "some" in the sentence cited by Defendants in fact modifies "credit and debit card tips," not "bartenders."

4. <u>Plaintiffs' declarations are grounded in personal knowledge and are not "conclusory," "vague," or "speculative."</u>

At the conditional certification stage, "most courts only require that a declarant can demonstrate that the allegations in his declaration are based on personal knowledge. . . .

'Personal knowledge can include inferences and opinions, so long as they are grounded in personal observation and experience.'" *Pacheco v. Aldeeb*, 5:14-CV-121-DAE, 2015 WL 1509570, at *4 (W.D. Tex. Mar. 31, 2015) (quoting *United States v. Cantu*, 167 F.3d 198, 204 (5th Cir.1999) (internal citations omitted)). Evidence need not be admissible at the notice stage.

> Because final disposition is not an issue at the conditional certification stage, requiring a plaintiff to present evidence in favor of a conditional certification that meets the hearsay standards of the Federal Rules of Evidence fails to take into account that the plaintiff has not yet been afforded an opportunity, through discovery, to test fully the factual basis of his case.

*Fisher v. Michigan Bell Telephone Co.,* 665 F.Supp.2d 819, 826 (E.D.Mich.2009) (internal quotation marks and citations omitted). As such, courts have upheld declarations supporting notice to potential class members against challenges that they are speculative, contradictory, vague, conclusory, based on hearsay, or otherwise presented in a manner that might be permissibly objectionable at the summary judgment stage.[6]

Plaintiffs competently testified regarding their foundation of knowledge of company-wide practices; it is based on their specific observations of their own and their coworkers experiences, as well as on conversations with other workers with direct knowledge regarding the practices at Defendants' other night clubs. Consequently, Defendants' objections to Plaintiffs' statements that they "believe there are numerous others who would be interested in joining this suit if they knew about it" lack merit at this stage. Response at ¶ 19. Courts routinely find materially identical averments sufficient.[7]

---

[6] *See e.g.*, *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 761 (N.D. Tex. 2013) (collecting cases); *Pacheco*, No. 5:14-CV-121-DAE, 2015 WL 1509570, at *4; *Dooling v. Bank of the West*, No. 4:11-CV-00576, 2012 WL 2417591, at *4 (E.D. Tex. June 26, 2012); *Castillo v. Alkire Subway, LP.*, No. H-08-CV-2658, 2009 WL 9529354, at *4 (S.D. Tex. Apr. 30, 2009); *Lang v. DirecTV, Inc.*, No. 10-1085 "G"(1), 2011 WL 5934607, at *9 (E.D. La. Dec. 30, 2011); *Nguyen v. Versacom, LLC*, No. 3:13-CV-4689-D, 2015 WL 1400564, at *3 (N.D. Tex. Mar. 27, 2015).

[7] *See Dyson v. Stuart Petroleum Testers, Inc.,* 308 F.R.D. 510, 513-15 (W.D. Tex. 2015) (finding plaintiffs' declarations, "couched in general terms," sufficient, and collecting the following: *Pacheco* 2015 WL 1509570, at *8 (two declarations attesting "many" current and former employees would join lawsuit sufficient basis for conditional

5. <u>Plaintiffs unequivocally allege unlawful policies and practices.</u>

Defendants misconstrue Plaintiffs' arguments about what the relevant practices were in an effort to claim such practices did not violate the law. First, Defendants contend that requiring employees to contemporaneously enter their tips "is not an unlawful practice intended to deny them their tips." Response at ¶ 22. This assertion is completely irrelevant; the illegal practice that Plaintiffs clearly identify is that "[managers] regularly refused to allow me to enter all of my credit card tips before closing out my register." Plaintiffs' complaints about customer demands and the cumbersome nature of the "system" do not describe the illegal practice in play, they merely explain why Plaintiffs and Class Members were susceptible to it.

As briefed in response to Defendants' motions to dismiss, an employer can only claim a tip credit if "all tips received by [a tipped] employee have been retained by the employee." *Montano v. Montrose Rest. Assocs.*, 800 F.3d 186, 188-89 (5th Cir. 2015), quoting 29 U.S.C. § 203(m). If this requirement is unsatisfied, the employee is owed "the full statutory minimum wage." *Pedigo v. Austin Rumba, Inc.*, 722 F. Supp. 2d 714, 721-22 (W.D. Tex. 2010).

Second, Defendants state, with respect to Plaintiffs' allegations of unrecorded time, "they fail to show that the incidents were necessarily policies of the Defendants, at all . . . the possibility of human error is just as likely" or "a rogue manager at the Coliseum." *Id*. at 23-24. However, as discussed above, Plaintiffs allege that they specifically complained about these issues to a manager who acknowledged that these practices were directed by Alfredo Hinojosa.

**C.** **Defendants' request for an evidentiary hearing at this juncture should be denied.**

Defendants cite to no authority in support of their request for an evidentiary hearing in

---

certification); *Reid v. Timeless Restaurants, Inc.,* 2010 WL 4627873, at *3 (N.D.Tex. Nov. 5, 2010) (finding "evidence from two individuals who experienced similar employment pay practices ... and [who] stated that they are aware of others who also experienced them" sufficient to support motion for conditional certification); *Tolentino v. C & J Spec–Rent Servs. Inc.,* 716 F.Supp.2d 642, 653 (S.D.Tex.2010) (finding two declarations of similarly situated individuals and complaint sufficient to demonstrate existence of employees who would opt in)).

this matter. Defendants' Response at ¶ 28. In fact, their own briefing confirms the aberrant nature of what they seek; "[i]n the first [*Lusardi*] stage, [the Court's] decision is based solely on the pleadings and affidavits." *Id*. at ¶ 4, citing *Pedigo v. 3003 S. Lamar, LLP*, 666 F. Supp. 2d 693, 697 (W.D. Tex. 2009). Plaintiffs object to Defendants' attempt to drain the parties' and Court's resources in a premature merits determination. As Defendants aptly point out, "[a]t this stage, courts generally refuse to consider a defendant's arguments on the merits." *Id*. at ¶ 6, citing *Rafeedie v. L.L.C., Inc.*, No. A-10-CA-743-LY, 2011 U.S. Dist. LEXIS 116719 (W.D. Tex. May 9, 2011). Although in limited circumstances a court may consider an employer's evidence establishing a conclusively compliant policy negating class claims,[8] Defendants do not offer their own dispositive evidence. Rather, they seek to cross-examine the Plaintiffs and to have the Court engage in a credibility determination wholly inappropriate at the conditional certification stage. *See, e.g., Lynch v. United Services Auto. Ass'n,* 491 F.Supp.2d 357, 369-370 (S.D.N.Y. 2007) ("[a]t this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations"). The Court should defer factual determinations on the propriety of the class until the second step, after the parties have been afforded the opportunity to conduct discovery. *See, e.g. Rafeedie*, No. A-10-CA-743-LY, 2011 U.S. Dist. LEXIS 116719, at *6 (citing *Badgett v. Texas Taco Cabana, L.P.*, No. Civ. A. H 05 3624, 2006 U.S. Dist. LEXIS 10077, 2006 WL 367872, at *2 (S.D. Tex. Feb. 14, 2006)).

**D.      Defendants objections to Plaintiffs' proposed notice should be overruled.**

Defendants lodge twelve objections to the form of Plaintiffs' proposed notice, ¶¶ 29-40, not because any portion is incorrect or improper, but to impose their own rendering designed to limit the likelihood of aggrieved workers opting in. Defendants have no such right.

Plaintiffs in a certified FLSA collective action are appropriately responsible for

---

[8] *See, e.g. Dudley v. Tex. Waste Sys., Inc.*, 2005 U.S. Dist. LEXIS 9168 at *2 (W.D. Tex. May 16, 2005).

*Plaintiffs' Reply In Support of Their*
*Motion for Conditional Certification and Notice*                                                                                                  Page **9** of **12**

the content of the class notice. Absent reasonable objections by either the defendant or the Court, plaintiffs should be allowed to use the language of their choice in drafting the notice. Indeed, a notice to prospective class members represents not an official communication from the Court, but is instead a communication from the plaintiff and plaintiffs' counsel to other prospective class members.

*Kelly v. Bank of Am., N.A.*, 10 C 5332, 2011 WL 7718421, at *1 (N.D. Ill. Sept. 23, 2011) (internal quotes and citations omitted); *accord McCoy v. RP, Inc.*, 2:14-CV-3171-PMD, 2015 WL 6157306, at *5 (D.S.C. Oct. 19, 2015) ; *see also Heitmann v. City of Chi.,* No. 04 C 3304, 2004 WL 1718420, at *3 (N.D.Ill. July 30, 2004) ("The Court has both the power and duty to ensure fair and accurate notice, [but] that power should not be used to alter plaintiffs' proposed notice unless such alternation is necessary.").

1. <u>Notice by email and posting in the workplace is common and reasonable.</u>

Plaintiffs cited ample authority demonstrating that courts routinely authorize notice by numerous methods in addition to mail. Plaintiffs' Motion at ¶¶ 8-12. Defendants object that Plaintiffs' proposed methods are "repetitive and oppressive." But those are not valid objections. *See Pacheco v. Aldeeb*, 5:14-CV-121-DAE, 2015 WL 1509570, at*8 (W.D. Tex. Mar. 31, 2015) (approving notice by first-class mail, email, Facebook message, and posting in defendants' restaurants over defendant's objection of undue harm to its reputation); *Rodriguez v. Mech. Tech. Servs., Inc.* 299 F.R.D. 154, 156–57 (W.D.Tex.2014) (approving publication of notice in radio and newspapers despite defendants' objection that such notice may lead to negative publicity); *Romero v. Producers Dairy Foods, Inc.,* 235 F.R.D. 474, 493 (E.D.Cal.2005) (approving notice by posting in defendant's workplace over defendant's objections that such posting would be "punitive" and unnecessary); *King v. ITT Cont'l Baking Co.*, 84 C 3410, 1986 WL 2628, at *5 (N.D. Ill. Feb. 18, 1986) ("Although defendant argues that these steps will involve unpleasant publicity for [Defendant], this action is a public matter and plaintiffs are entitled to use

reasonable methods at their disposal to reach prospective class members.").

2. <u>This Court has issued notice by radio under similar circumstances.</u>

The logic behind this and other Court's decisions to authorize notice by radio is not limited to migrant farmworkers, as Defendants suggest. Rather, as this Court observed when authorizing notice by radio, "several district courts have recognized the need to adapt their notice procedures for immigrant workers to ensure that they receive the best notice practicable." *Rodriguez,* 299 F.R.D. at 157 (internal quotes and citation omitted). The class here consists of mostly low-income, Spanish-speaking immigrant workers. Based on the significant collective experience of Plaintiffs' attorneys working specifically with this population, members tend to be relatively mobile, and many do not use email, or are otherwise difficult to locate, making notice by multiple channels the most reasonable method available.

### III. CONCLUSION

Plaintiffs have presented detailed allegations identifying an illegal scheme that fails to pay minimum wages to other individuals who perform similar work. The Court should grant Plaintiffs' Motion and enter an Order with the terms set forth in Plaintiffs' proposed Order.

Respectfully submitted,

By: /s/ Aaron Johnson

| | |
|---|---|
| Austin Kaplan | Aaron Johnson |
| State Bar No. 24072176 | State Bar No. 24056961 |
| akaplan@kaplanlawatx.com | ajohnson@equaljusticecenter.org |
| KAPLAN LAW FIRM, PLLC | Anna Bocchini |
| 98 San Jacinto Blvd. Suite 540 | State Bar No. 24057410 |
| Austin, TX 78701 | abocchini@equaljusticecenter.org |
| PH: (512) 553-9390 | EQUAL JUSTICE CENTER |
| FAX: (512) 692-2788 | 510 S. Congress Ave., Ste. 206 |
| | Austin, TX 78704 |
| | PH: (512) 474-0007, ext. 104 |
| | FAX: (512) 474-0008 |

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that the document above was served on the following parties by email via the CM/ECF system on February 5, 2016:

John W. Bowdich
jbowditch@thewillislawgroup.com
Todd J. Liles
tliles@thewillislawgroup.com
THE WILLIS LAW GROUP
10440 N. Central Expressway, Suite 520
Dallas, TX 75231
ATTORNEYS FOR DEFENDANT

/s/ Aaron Johnson
Aaron Johnson
Attorney for Plaintiff