IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| YAIR JOAQUIN GRANADOS, et al., | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 1:15-CV-00787-LY |
| | § | |
| THE COLISEUM, INC., | § | |
| d/b/a EL COLISEO, et al., | § | |
|     *Defendants*. | § | |

### DEFENDANTS' MOTION TO COMPEL DEPOSITIONS OF PLAINTIFFS, OR IN THE ALTERNATIVE, MOTION TO ALTER PHASE 1 SCHEDULING ORDER

Defendants The Coliseum, Inc. and Alfredo Hinojosa (collectively "Defendants") file this Motion to Compel seeking to depose the Plaintiffs, or in the alternative, alter the Phase 1 Scheduling Order so that Defendant may depose Plaintiffs, and in support, shows as follows:

#### INTRODUCTION

1. The litigation strategy[1] employed by Plaintiffs has resulted in significant litigation costs to Defendants before there has been any discovery to determine the merits of Plaintiffs' claims. Essentially, Plaintiffs allege that Defendant did not pay Plaintiffs for all of their hours worked and that Defendant misappropriated credit card tips. Defendants believe that depositions may prevent the necessity of any conditional certification and greatly reduce or eliminate Plaintiffs' claims.

---

[1] Plaintiffs joinder of seven (7) additional defendants resulted in approximately 43 (and counting) docket entries of filings and order related to such strategy, as well as dismissal of six (6) of the defendants and the potential of the dismissal of Mr. Hinojosa, the seventh joined defendant. In addition, Plaintiffs pushed for a conditional certification or two step process for which Defendant Coliseum agreed to before the joinder of the seven defendants (meaning Mr. Hinojosa didn't agree to existing Phase One Scheduling Order). That two-step process for certification is now being used by Plaintiffs as a shield to prevent Defendants from conducting any discovery that may prevent any conditional certification as well as provide summary judgment evidence for the dismissal of some, if not all, of Plaintiffs' claims.

## Relevant Procedural History

2. Defendant Hinojosa did not participate in the Rule 26(f) Conference, the Rule 26(f) Conference Report [Doc. 13] or the request for the Phase One Scheduling Order [Doc. 14], because Defendant Hinojosa was not yet a party to this suit. *See* Docs. 16 and 21.

3. Defendants have requested Plaintiffs' depositions in writing on four occasions, for which Plaintiffs refuse, relying on the Phase One Scheduling Order as a shield.

## Argument and Authorities

4. The Phase One Scheduling Order does not specifically prohibit the parties from conducting discovery. However, it does indicate that "Phase One will be limited to the Court's consideration of Plaintiffs' Motion for Conditional Certification…" Plaintiffs are using that Scheduling Order to prevent Defendants from taking Plaintiffs' depositions.

5. Only after the Phase One Scheduling Order was entered did Plaintiffs add seven additional Defendants, including Hinojosa. As it has been over eleven (11) months since the entry of that Scheduling Order, and for the reasons that Defendant Hinojosa was not a party to it and Defendants are anxious to establish that some or all of Plaintiffs' claims lack merit and that conditional certification should not be granted, Defendants seek to depose Plaintiffs.

## Conclusion and Prayer

Because Plaintiffs' depositions may short-circuit and prevent the need for any conditional certification, and may greatly reduce or eliminate Plaintiffs' claims – both reducing the significant fees that are expected to be incurred if this case continues under the path suggested by Plaintiffs, Defendants respectfully ask this Court to sign an Order compelling Plaintiffs to produce Plaintiffs for deposition within 30 days of the Order. Defendants pray for such other and further relief to which Defendants may be entitled.

Respectfully submitted,

By:_____
JOHN W. BOWDICH
State Bar No. 00796233
TODD J. LILES
State Bar No. 00796956

THE WILLIS LAW GROUP, PLLC
10440 N. Central Expy., Ste. 520
Dallas, Texas 75231
(214) 736-9433 – Telephone
(214) 736-9994 – Telecopy
jbowdich@thewillislawgroup.com
tiles@thewillislawgroup.com

ATTORNEYS FOR DEFENDANTS

CERTIFICATE OF CONFERENCE

On October 5, 2016, Counsel for Dismissed Defendants conferred with Plaintiffs' Counsel regarding the relief sought by this Motion. Plaintiffs are OPPOSED to the relief sought.

Certified this 7th day of October, 2016.

By:  */s/ John W. Bowdich*
JOHN W. BOWDICH

CERTIFICATE OF SERVICE

I hereby certify that the document above was served on the following parties by email via the CM/ECF system on October 7, 2016:

Austin Kaplan, Esq.
akaplan@kaplanlawatx.com
KAPLAN LAW FIRM, PLLC
98 San Jacinto Blvd., Suite 540
Austin, TX 78701

Aaron Johnson, Esq.
ajohnson@equaljusticecenter.org
EQUAL JUSTICE CENTER
510 S. Congress Ave., Suite 206
Austin, TX 78704

ATTORNEYS FOR PLAINTIFFS

By: _____
JOHN W. BOWDICH