**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **YAIR GRANADOS JOAQUIN, et al.;** | § | |
| | § | |
| **v.** | § | **A-15-CV-787-LY** |
| | § | |
| **THE COLISEUM INC. d/b/a EL COLISEO** | § | |
| **and the COLISEUM OF AUSTIN, et al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:     THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Dismissed Defendants' Motion for an Award of Attorneys' Fees (Dkt. No. 55); Plaintiffs' Response (Dkt. No. 63); Dismissed Defendants' Reply (Dkt. No. 71); and Plaintiffs' Sur-Reply (Dkt. No. 76). Also before the Court are: Dismissed Defendants' Motion for Sanctions (Dkt. No. 56); Plaintiffs' Response (Dkt. No. 58); and Dismissed Defendants' Reply (Dkt. No. 62). The District Court referred these Motions to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72 and Rule 1(d) of Appendix C of the Local Rules.

## I.  MOTION FOR FEES

### A.     Background

Plaintiffs filed this case in Travis County Court at Law, asserting a Fair Labor Standards Act claim against The Coliseum, Inc. Plaintiffs alleged a failure to pay minimum wages under 29 U.S.C. § 216(b) based on the assertion that employees were not paid for all hours worked. Defendants subsequently removed the case to federal court. Plaintiffs thereafter amended their pleadings to assert the same FLSA claim and additional Texas-law claims, including a claim made under the Texas Theft Liability Act, against six corporate entities that Plaintiffs purported were their joint employers

under the FLSA.[1]  These entities filed two motions to dismiss.  Dkt.  Nos. 24, 29.  In response, Plaintiffs filed their Second Amended Complaint, in which they continued to assert the same state law claims against these defendants.  Dkt. No. 53 at 5-7.  The corporate entities then filed new motions to dismiss, challenging Plaintiffs' FLSA joint employment allegations.  Dkt. Nos. 40, 41. On July 13, 2016, the undersigned issued a Report and Recommendation recommending that the FLSA claims against the defendants be dismissed without prejudice, and that Plaintiffs be allowed the opportunity to amend their complaint to buttress their FLSA claims.  Dkt. No. 51.  The Court further recommended that the district judge decline to exercise supplemental jurisdiction over the remaining state-law claims if Plaintiffs did not amend. Judge Yeakel adopted the undersigned's recommendations, ordered the claims against these corporate entities dismissed without prejudice, and called for submission of an amended complaint by August 26, 2016.  Dkt. No. 52.  On August 26, 2016, Plaintiffs filed a Third Amended Complaint.  That pleading did not assert any claims against the six corporations (hereinafter the "Dismissed Defendants"). The Dismissed Defendants now seek to recover their attorneys' fees expended in defending against the suit.

## B.    Analysis

Dismissed Defendants base their fee request on the Texas Theft Liability Act (TTLA), TEX. CIV. PRAC. & REM. CODE § 134.005(b).  Under the American Rule, prevailing parties generally cannot recover attorney's fees without an independent statutory or contractual basis.  *Summit Valley Indus, Inc. v. United Bhd. of Carpenters & Joiners*, 456 U.S. 717, 721 (1982). Rule 54(d)(2) sets forth the procedure for the prevailing party, by motion, to specify the statute, rule, or other grounds entitling them to the award.

---

[1] Arcababa, Inc. d/b/a OK Corral - Ft. Worth, Spangler Entertainment, Inc. d/b/a OK Corral - Dallas, El Volcan Social Club, Inc. d/b/a Far West - Dallas, Rodeo 2000 Social Club, Inc. d/b/a Far West - Tyler,  Old Town Ranchers, Inc. d/b/a/ Medusa's, and MAC 23, Inc.

Where state law provides the rule of decision in a case, state law also governs the entitlement to fees, and the determination of whether a fee is reasonable. *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). The TTLA mandates that "[e]ach person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees." TEX. CIV. PRAC. & REM. CODE § 134.005(b). While the TTLA does not define what it means to "prevail" in a suit, Texas courts have held that the phrase applies to defendants who successfully defend against a TTLA claim. *See, e.g., Arrow Marble, LLC v. Estate of Killion*, 441 S.W.3d 702, 706 (Tex. App.—Houston [1st Dist.] 2014, no pet.). A successful defense is one that materially alters the plaintiff's legal relationship with the defendant (*e.g.*, a dismissal with prejudice). *Id.* A dismissal without prejudice does not satisfy the prevailing party requirement. *Id.*

Dismissed Defendants argue that once Plaintiffs failed to re-plead any claims against them in the Third Amended Complaint, any claims against them were waived, and the entire controversy regarding Plaintiffs and Dismissed Defendants was concluded. Thus, they argue, the District Court made a ruling on the merits and the Dismissed Defendants qualify as prevailing parties entitled to fees pursuant to the TTLA. Dismissed Defendants rely on *Conwill v. Greenberg Traurig, L.L.P.*, 448 Fed. Appx. 434, 436–37 (5th Cir. 2011), in support of their argument, and state that if the Court disagrees with their position, they will seek to certify the order as a final decree as permitted by Rule 54(b). *Conwill* was an unpublished opinion, in which the Fifth Circuit found that "Defendants-Appellants were the prevailing parties . . . because they obtained a favorable final judgment dismissing the federal claim with prejudice and the sole remaining state claim was dismissed without prejudice." *Id.* The panel opinion cited to 10 C. WRIGHT & A. MILLER, FEDERAL PRACTICE & PROCEDURE § 2667 (3d ed. 2007) for the proposition that "[A] dismissal of the action, whether on the merits or not, generally means that defendant is the prevailing party." But, that same section of

3

the treatise states, "courts also have ruled that a dismissal without prejudice does not qualify the defendant as a prevailing party because defendant remains potentially subject to liability." *Id.*

As already noted, the question of whether Dismissed Defendants are entitled to recover their fees, which includes deciding whether they are "prevailing parties," is governed by Texas law. And as also noted, Texas law holds that obtaining a dismissal without prejudice does not make a defendant a "prevailing party." *Arrow Marble*, 441 S.W.3d at 706. The Order adopting the Report and Recommendation expressly dismissed all state law claims, including the TTLA claims, without prejudice. Dkt. No. 52. Plaintiffs' decision not to re-plead the state law claims in the Third Amended Complaint does not transform this ruling to a ruling on the merits of any of the dismissed claims. Dismissed Defendants therefore do not qualify as prevailing parties under the TTLA.

## II.  MOTION FOR SANCTIONS

### A.    Background

Dismissed Defendants alternatively move for sanctions pursuant to 28 U.S.C. § 1927. They assert that prior to the filing of the First Amended Complaint, counsel for The Coliseum, Inc., had telephone conferences with Plaintiffs' original counsel, Austin Kaplan, and new counsel, Aaron Johnson, to discuss the case and complete the Rule 26 conference. The Joint Rule 26(f) Conference Report was filed on November 2, 2015. Two days later, The Coliseum's counsel held a conference with Plaintiffs' counsel to discuss Plaintiffs' plan to add additional defendants to this suit. Dismissed Defendants allege that Plaintiffs' counsel admitted in that conference, and in follow-up communications, that his motive was to enlarge the settlement value and the possible attorneys' fee recovery in the case by adding six entities that each own separate night clubs. Dkt. No. 56-1 ¶¶ 3, 4. Dismissed Defendants allege that the only basis for adding these other clubs was that they shared marketing on a website, and that one of the Plaintiffs trained at one of the other clubs.

Dismissed Defendants further allege that during those discussions with Plaintiffs' counsel, counsel for The Coliseum explained that the entities that marketed together on The Coliseum's website had different ownership groups, different management teams, as well as different employee payment policies. Additionally, Dismissed Defendants assert that Plaintiffs' counsel was instructed orally and in writing that Defendants would seek sanctions pursuant to 28 U.S.C. § 1927 if Plaintiffs' added the additional clubs and were unsuccessful in their claims.   Despite the admonitions, Dismissed Defendants allege that Plaintiffs' filed their First Amended Complaint joining the Dismissed Defendants, and claiming that they were "joint employers" of Plaintiffs.  Dkt. No. 22. Defendants also moved to conditionally certify an FLSA class that included all of the employees of all of the Dismissed Defendants.  Dkt. No. 17. As already noted, all of the claims against the Dismissed Defendants were ultimately dismissed.

Plaintiffs' counsel, Aaron Johnson and Austin Kaplan, confirm that they had a telephone conference with counsel for Defendants on or around November 4, 2015, and that they conferred about their intention to add the additional parties as defendants.  Dkt. No. 58-1, 58-2.  Plaintiffs argue that expanding a collective action to cover additional joint employers and additional employees naturally may increase the amount of damages at stake.   They assert, however, that they did not "admit" or suggest "that their motive was to enlarge the settlement value and the possible attorneys' fee recovery."  *Id.* at ¶ 3.  They argue that their goal is to do justice for employees of Defendants' organization who were not paid the wages and tips they were owed for the work they performed. In further support Plaintiffs submit a letter dated November 6, 2015, stating:

> This letter serves to recap our phone conference on Wednesday. . . . As we discussed, facts from our preliminary investigations show common ownership, common management, common practices, and common violations among a group of seven locations, not just the Coliseum. . . . If you can provide documents that show that these seven locations (those listed above, plus the OK Corral Ft. Worth) are not

subject to common ownership, management, and practices, please provide those documents to us as soon as possible. As we mentioned during our call, we have no interest in pursuing claims in this case against truly separate Defendants that cannot properly be part of this case.

Dkt. No. 58-3.  Plaintiffs allege that Defendants never provided any such evidence; and instead, waited until after Plaintiffs filed their Amended Complaint to produce that evidence.

**B.    Analysis**

The statute on which the Dismissed Defendants base their sanctions request states:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Section 1927 only authorizes shifting fees that are associated with "the persistent prosecution of a meritless claim." *See Proctor & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002).  Proving that an attorney's behavior was both "vexatious" and "unreasonable" requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1992).  The courts often use repeated filings, despite warnings from the court, or other proof of excessive litigiousness, to justify sanctions. *See Nat'l Ass'n of Gov't Employees v. Nat'l Fed'n of Fed. Employees*, 844 F.2d 216, 224 (5th Cir. 1988).  "An unsuccessful claim is not necessarily sanctionable." *Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1256 (5th Cir. 1991).  Sanctions under Section 1927 are "punitive in nature and require clear and convincing evidence that sanctions are justified." *Lawyer's Title Ins. Corp.*, 739 F.3d 848, 872 (5th Cir. 2014).  Because of its punitive nature, Section 1927 is construed strictly, *Proctor & Gamble Co.*, 280 F.3d at 525, and in favor of the party against whom sanctions are sought, *FDIC v. Conner*, 20 F.3d 1376, 1384 (5th Cir. 1994).  Section 1927 sanctions "'should be employed

6

only in instances evidencing a serious and standard disregard for the orderly process of justice, lest the legitimate zeal of an attorney in representing [a] client [be] dampened." *Lawyers Title*, 739 F.3d at 872. Moreover, in awarding fees under Section 1927, the court is required to "identify sanctionable conduct and distinguish it from the reasons for deciding the case on the merits. . . ." *Proctor & Gamble Co.*, 280 F.3d at 526.

Dismissed Defendants argue that Section 1927 sanctions are justified in this case because Plaintiffs' counsel "made the conscious decision to disregard the fact that there is no evidence that the Plaintiffs were 'employed' by any of the Dismissed Defendants." Dkt. No. 56 at 4. Dismissed Defendants assert that since FLSA liability is predicated upon an employer-employee relationship as determined by the economic realities test, Plaintiffs' counsel's decision to join the Dismissed Defendants without evidence of an employer-employee relationship was without factual support and thereby qualifies as vexatious. Dismissed Defendants also complain that Plaintiffs' counsel ignored Defendant's counsel's admonition that Plaintiffs needed to better develop their evidence prior to joining the Dismissed Defendants. Dismissed Defendants assert that Plaintiffs' counsel was "driven by their improper greedy motive to enlarge the potential opt-in class, settlement value and potential attorneys' fees that they could be awarded." *Id.* at 5. They assert that this bad faith and vexatious conduct needlessly multiplied the proceedings and caused the Dismissed Defendants to incur significant attorneys' fees to prosecute four Motions to Dismiss.

Plaintiffs respond that Defendants have failed to demonstrate the type of bad faith required to justify Section 1927 sanctions. Plaintiffs assert that while the Court ultimately dismissed the claims against the Dismissed Defendants, Defendants have provided insufficient evidence that Plaintiffs' counsel's behavior qualifies as vexatious. Plaintiffs assert that a factual basis existed to support their legal theories of a single integrated enterprise and horizontal joint employment, based

upon the interconnections between El Coliseo, Alfredo Hinojosa, and the other bars. Plaintiffs additionally argue that the applicable standard is not whether their claims against Dismissed Defendants had an actual basis in fact; but rather, whether the claims were pursed in bad faith, for an improper motive, or in reckless disregard of the duty owed the court, which Defendants have failed to show. *Lawyers Title Ins. Co.*, 739 F.3d at 872. Moreover, Plaintiffs argue that Dismissed Defendants have failed to distinguish their alleged sanctionable conduct from the reasons for deciding the case. And, Plaintiffs assert that, unlike ignoring a court's admonition about its claim, ignoring Defendant's counsel's admonition is not sanctionable conduct. *Dreiling v. Peugot Motors of Am., Inc.*, 768 F.2d 1159, 1166 (10th Cir. 1985). Defendants reply that they are entitled to sanctions because Plaintiffs failed to adequately investigate the facts before joining the six additional Defendants.

Dismissed Defendants have failed to show "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court" necessary to show that that Plaintiffs counsel's conduct qualifies as "vexatious" and "unreasonable." In response to the motions to dismiss, Plaintiffs requested that the Court extend and expand the economic realities test to include additional factors and deny the Motion to Dismiss. Plaintiffs advanced the theory that the non-Coliseum Defendants, while nominally separate companies, are so interrelated and their operations so integrated, that they constitute a single joint employer under the FLSA. Dkt. No. 36 at ¶ 21. Plaintiffs argued that shared scheduling and supervision was sufficient to allege common control of the employees, thereby establishing a colorable basis for their joint employer allegations. While the Court ultimately rejected Plaintiffs' arguments, "a trial court should not impose [] sanctions for advocacy of a plausible legal theory. . . ." *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 989 F.2d 791, 793 (5th Cir. 1993). "Misapplication of [sanctions] can chill counsel's 'enthusiasm and stifle the

creativity of litigants in pursing novel factual or legal theories,' contrary to the intent of its framers." *Id.* at 794 (commenting on Rule 11 sanctions).   In this case, the Court cannot find Plaintiffs' counsel's conduct was unreasonable just because Plaintiffs' arguments ultimately failed.

Additionally, the Court finds that Plaintiffs' counsel's failure to heed Defendants' counsel's admonitions is not sanctionable conduct.  Counsel is not required to take advice on how to represent clients from opposing counsel, and the Court had not issued any warnings to counsel.  Moreover, had Dismissed Defendants' counsel responded to Plaintiffs' counsel's letter of November 6, 2015 (Dkt. No. 58-3), with documentary evidence, it is possible that the Dismissed Defendants would not have been added to the case.  Thus, from the record before it the Court cannot conclude that the fault for the addition of the Dismissed Defendants is entirely the Plaintiffs'.  Defendants have failed to present "clear and convincing evidence that sanctions are justified," *Lawyer's Title* 739 F.3d at 872, and the undersigned therefore recommends that the district judge deny the Motion for Sanctions.

## III.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **DENY** Dismissed Defendants' Motion for an Award of Attorneys' Fees (Dkt. No. 55); and **DENY** Dismissed Defendants' Motion for Sanctions (Dkt. No. 56).   The Clerk is direct to **REMOVE** this case from the undersigned's docket and return it to the docket of the Honorable Lee Yeakel.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 30th day of November, 2016.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE